UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALTRAVIUS L. SPEED, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 12-CV-2071 |
| v. ) | |
| ) | |
| DONALD GAETZ, Warden, ) | |
| Pinckneyville Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On March 5, 2012, Petitioner, Altravius L. Speed, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1).  Petitioner alleged numerous grounds for relief, claiming that his constitutional rights had been violated.  Petitioner also filed a Motion for Leave to Proceed in forma pauperis (#2), a Motion to Appoint Counsel (#4) and a Motion for Extension of Time to File Petition for Writ of Habeas Corpus (#5).  On March 6, 2012, the court entered a text order.  This court granted Petitioner's Motion for Leave to Proceed in forma pauperis and denied Petitioner's Motion to Appoint Counsel.  This court reserved ruling on Petitioner's Motion for an Extension of Time (#5).  On May 7, 2012, Respondent filed a Motion to Dismiss (#11) and argued that Petitioner's motion should be dismissed as time barred because  it was filed more than one year after his conviction and sentence became final.  Petitioner did not file a response to the Motion to Dismiss.

This court has carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, this court agrees with Respondent that

the Petitioner's Section 2254 petition is time barred. Therefore, Respondent's Motion to Dismiss (#11) is GRANTED, Petitioner's Motion for an Extension of Time (#5) is DENIED, and Petitioner's Petition for a writ of habeas corpus (#1) is dismissed.

## FACTS

On July 28, 2003, a jury in the circuit court of Kankakee County found Petitioner guilty of home invasion and one count of aggravated criminal sexual assault. On October 5, 2003, the trial court sentenced Petitioner to consecutive terms of 25 years and 18 years in the Illinois Department of Corrections. Petitioner appealed, and the Illinois Appellate Court, Third District, affirmed on June 26, 2006. People v. Speed, Case No. 3-04-0041 (unpublished order). Petitioner filed a petition for leave to appeal (PLA) that the Illinois Supreme Court denied on May 31, 2007. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

On March 10, 2008, Petitioner filed a pro se petition for post-conviction relief in the circuit court of Kankakee County. On April 14, 2008, the trial court dismissed the petition. Petitioner appealed, and his appellate counsel filed a motion to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). The appellate court granted the motion to withdraw and affirmed the dismissal of the post-conviction petition, issuing a modified order upon denial of rehearing on February 8, 2010. People v. Speed, Case No. 3-08-0407 (unpublished order). On May 25, 2010, Petitioner filed a motion for leave to file a late PLA. The Illinois Supreme Court granted the motion, but denied the PLA on November 24, 2010.

## ANALYSIS

As noted previously, Petitioner filed his Petition (#1) in this court on March 5, 2012. In his Motion for Extension of Time (#5), Petitioner explained that, on November 11, 2011, he attempted to file a motion for extension of time to file his § 2254 petition, but he accidentally sent the motion to the Illinois Supreme Court. In his Motion to Dismiss (#11), Respondent argued that Petitioner's Petition (#1) must be dismissed as time-barred. This court agrees.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A Section 2254 petition has a one year statute of limitations. According to 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

       to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  This court agrees with Respondent that subsection (A) is the applicable section for determining the date the limitations period began running. The other subsections are not applicable because Petitioner has not asserted a state-created impediment to filing, a newly recognized and retroactively applicable constitutional right or a subsequently discovered factual predicate for any of his claims. Under the applicable subsection, Petitioner's conviction became final on August 29, 2007, ninety days after his direct appeal PLA was denied by the state supreme court and his time to file a petition for a writ of certiorari expired. See Jones v. Hulick, 449 F.3d 784, 787-88 (7th Cir. 2006). The limitations period began running the next day, on August 30, 2007.

  Petitioner filed his state post-conviction petition on March 10, 2008, and the notice of filing is dated March 5, 2008. The one-year statute of limitations period is tolled during the pendency of a properly filed application for post-conviction relief. See 28 U.S.C. § 2244(d)(2); Wilson v. Battles, 302 F.3d 745, 747 (7th Cir. 2002). Therefore, giving Petitioner the benefit of the earliest possible date of filing his post-conviction petition, 187 days ran on

the limitations period before the post-conviction petition was filed on March 5, 2008. The limitations period was tolled until November 24, 2010, when Petitioner's PLA was denied by the Illinois Supreme Court. See Wilson, 302 F.3d at 747-48.[1] Unlike a direct appeal, a state post-conviction appeal is final when the PLA is denied and the limitations period is not tolled during the time Petitioner had an opportunity to file a petition for writ of certiorari. Gildon v. Bowen, 384 F.3d 883, 885-86 (7th Cir. 2004).[2]

The limitations period began running again on November 25, 2010 and, at that time, Petitioner had 178 days left on his one-year limitations period in which to file a timely habeas petition in this court. Therefore, his petition had to be filed by May 21, 2011 in order to be timely. Thus, Petitioner's Petition (#1) filed on March 5, 2012, was clearly untimely. Moreover, Petitioner's time had run long before he mistakenly sent a motion for an extension of time to the Illinois Supreme Court on November 11, 2011.

This court additionally notes that Petitioner did not respond to Respondent's Motion to Dismiss and has not argued that there is any basis for equitable tolling of the limitations period. Petitioner therefore has not shown that there are extraordinary circumstances in this case which would warrant equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2562

---

[1] Respondent argues that the time between March 15, 2010, when his PLA was due, and May 7, 2010, when Petitioner mailed his motion for leave to file a late PLA, was not tolled. However, because this does not make any difference in this court's analysis, this court will not consider this argument.

[2] Even if Petitioner did file a petition for a writ of certiorari, the Supreme Court has held that a petition for a writ of certiorari filed in Supreme Court from state postconviction action does not toll the statute of limitations under 28 U.S.C. §2244(d). Lawrence v. Florida, 549 U.S. 327, 333-34 (2007).

(2010).

For all the reasons stated, Petitioner's Motion for an Extension of Time (#5) is DENIED, Respondent's Motion to Dismiss (#11) is GRANTED and Petitioner's Petition (#1) is dismissed as time-barred.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim." which has happened here, "a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion should be dismissed as untimely.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1) is DISMISSED as time barred.

(2) Petitioner's Motion for an Extension of Time (#5) is DENIED.

(3) Respondent's Motion to Dismiss (#11) is GRANTED.

(4) Because Petitioner has not made a substantial showing of the denial of a

constitutional right, a certificate of appealability is DENIED.

(5) This case is terminated.

ENTERED this 28th day of March, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE